IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY LEWIS, #1784295,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | Civil No. 3:15-CV-4078-L-BK |
| | § | |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,[1]<br>　　　　Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the petition should be **DENIED**.

## I. BACKGROUND

In 2012, Petitioner was convicted of the capital murder of Sarai Staten ("Sarai"), a child under the age of six, and was sentenced to life imprisonment. *State v. Lewis*, No. F12-21372 (Crim. Dist. Ct. No. 3, Dallas Cty., May 14, 2012), *aff'd*, 2014 WL 31690 (Tex. App.—Dallas Jan 6, 2014, pet. ref.). The Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Lewis*, No. No. 32,058-02 (Tex. Crim. App. Dec. 16, 2015); Doc. 13-15.[2]

---

[1] In May 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis was "automatically substituted as a party."

[2] The state habeas court record is available at Doc. 13-17, and the six-volume reporter's record is available at Doc. 13-2 through Doc. 13-7.

In his federal petition, Petitioner complains of ineffective assistance of trial counsel and the denial of Due Process and his First Amendment rights. Doc. 3 at 6-7. Respondent argues all claims lack merit. Doc. 14. Petitioner has filed a reply. Doc. 17. Thus, the petition for writ of habeas corpus, is now ripe for review.

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), since the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102 786). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

Moreover, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1. Claims 1 & 2 – Ineffective Assistance of Trial Counsel

Petitioner argues his trial counsel rendered ineffective assistance by failing to follow Petitioner's instructions to investigate whether Child Protective Services (CPS) and Good Times Daycare had records indicating the victim's mother, Tiffany Staten ("Staten"), had a history abusing Sarai. Doc. 3 at 6. Petitioner relies on the affidavits of his mother and sister (submitted

to the state court) that they were aware of prior instances of child abuse by Staten toward Sarai.

Doc. 17 at 14-15.

The state habeas court rejected Petitioner's request for relief on this ground finding as follows:

1. Applicant claims that trial counsel was ineffective for failing to investigate. However, Applicant does not allege what further investigation would have revealed.

2. Applicant's trial counsel, Kenneth Weatherspoon, has provided an affidavit regarding his representation of Applicant in this cause. In this affidavit, Mr. Weatherspoon states that he had strategic reasons for not highlighting any history Staten may have had with CPS in an effort to shift blame.

3. The Court finds that Mr. Weatherspoon's affidavit is credible and worthy of belief.

4. The Court finds that Applicant has not alleged or offered any proof of what evidence of prior abuse may have existed or how such evidence may have affected the outcome of his trial.

Doc. 13-17 at 46-47.

The Texas Court of Criminal Appeals implicitly based its denial of habeas relief on the trial court's finding that the facts stated in trial counsel's affidavit were true, and concluded that Petitioner had received reasonably effective assistance of counsel. *Id.* The state habeas court's credibility determinations are entitled to a presumption of correctness, 28 U.S .C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir.1999), and Petitioner has not produced clear and convincing evidence to rebut the same.

Applying the appropriate deference and having independently reviewed Petitioner's claims and the state court records, the Court concludes the state court's application of *Strickland* was reasonable. Petitioner has not shown that trial counsel's performance fell below an objective level of reasonableness in light of the defense trial strategy.

*Deficient Performance Prong*

As recognized in *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. 668, 691. The Supreme Court noted that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690-691. Likewise, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* In evaluating a duty to investigate, the Court must objectively review counsel's "'performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time.'" *Wesbrook v. Thaler*, 585 F.3d 245, 251-252 (5th Cir. 2009) (quoting *Wiggins v. Smith*, 539 U.S. 510, 523 (2003)). The Court may "not find ineffective assistance of counsel merely because [it] disagree[s] with counsel's trial strategy." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.1999).

Here, trial counsel's made a conscious decision, grounded in sound trial strategy, not to pursue a defense based on Staten's alleged history of abusing Sarai. Counsel thus concluded that further investigation of Staten's history as an abusive parent was unnecessary. *See* Doc. 13-17 at 80 (trial counsel's affidavit). Trial counsel averred that he believed presenting detailed evidence of prior child abuse by Staten against Sarai would have been counterproductive and "would have opened the door for the prosecution to get into evidence of much more detail of [Petitioner's] prior convictions for Injury to a Child F91-41143, Assault MA91-52622, Family Violence Assault MA90-16582, Robbery F91-45173, and Robbery F91-44159." Doc. 13-17 at 80. Notably, "in the Injury to a Child case, the victim was the child of another girlfriend," and "[i]n

both Robbery cases bodily injury was caused to the victims." *Id.* Moreover, while Petitioner's family believed "he was a very nice guy," counsel feared that "if the case boiled down to the details of . . . Staten's CPS records versus [Petitioner's] criminal record," they "were in trouble." *Id.* In short, counsel believed it more important not to open the door to a comparison of Staten's and Petitioner's records of violence, as "[t]he offenses listed above were" the only ones that counsel anticipated "could be used to rebut any testimony of [Petitioner as] a peaceful non-violent person." *Id.*

In his reply, Petitioner asserts the state habeas court's finding are not entitled to a presumption of correctness because "the record does not support a finding that trial counsel conducted any pre-trial investigation of prior instances of abuse against Sarai." Doc. 17 at 15. He maintains that *Strickland* does not require deference when counsel's decision is "uninformed by an adequate investigation on controlling facts and law." Doc. 17 at 21 (citing *United States v. Drones*, 218 F.3d 496, 500 (5th Cir. 2000)). In support, he states that counsel's affidavit "does not demonstrate that *any* investigation into *any prior history of abuse* or witnesses thereto was conducted." Doc. 17 at 14 (emphasis in original). At a minimum, Petitioner avers that counsel should have investigated Sarai's daycare and Petitioner's mother and sister who were aware of prior instances of abuse. Doc. 17 at 14.

However, "*Strickland* does not require counsel to investigate every conceivable line of . . . evidence." *Wiggins*, 539 U.S. at 533 (addressing a failure to investigate mitigating evidence in a capital murder trial). Rather "[i]n assessing the reasonableness of an attorney's investigation, ... a court must consider . . . the quantum of evidence already known to counsel . . . [and] whether the known evidence would lead a reasonable attorney to investigate further." *Id.* at 527. *See also Guy v. Cockrell*, 343 F.3d 348, 353 (5th Cir. 2003).

Counsel's knowledge of Petitioner's lengthy criminal record and of Staten's prior abuse of Sarai was significant and sufficient information upon which to base the decision of whether to investigate further. As related in his affidavit, trial counsel considered his options and made a reasonable choice among them. Doc. 13-17 at 80. Plainly, this is not a case in which counsel simply failed to articulate a justification for his limited investigation. *See Lockett v. Anderson*, 230 F.3d 695, 715 (5th Cir. 2000) (trial counsel's "strategic decision" at punishment phase of capital murder trial was neither reasonable nor informed because trial counsel failed to discover the petitioner's brain abnormalities by performing the medical tests recommended by the psychiatrist retained); *see also Moore v. Johnson, 194 F.3d 586, 615-616* (collecting cases addressing when counsel's strategic decision is entitled to deference in context of capital murder trial). Moreover, Petitioner has not shown how further investigation into Staten's abuse history would have helped his defense at trial.

Based on the above, the Court concludes that trial counsel's decision not to pursue further the investigation of Staten's alleged child abuse was informed and based on a reasonable pretrial inquiry. Counsel's concerns regarding pursuing the investigation and related line of defense were valid and informed and, thus, his decision was the result of sound trial strategy. Moreover, the record supports counsel's concerns that had he presented evidence of Staten's prior incidents of abuse, he could have opened the door to questions about Petitioner's prior, damaging convictions. Doc. 13-1 at 14-15 (State's Notice of Extraneous Offenses). "Counsel's decision not to pursue evidence that could be 'double-edged in nature [was] objectively reasonable and therefore does not amount to deficient performance.'" *United States v. Drones*, 218 F.3d 496, 501 (5th Cir. 2000) (quoting *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1999)).

Consequently, the state habeas court reasonably concluded that trial counsel did not provide deficient performance by failing to further investigate Staten's history of child abuse, and its decision is not contrary to Supreme Court precedent. It also reasonably concluded that Petitioner cannot claim deficient performance regarding trial strategy.

*Prejudice Prong*

Even if Petitioner could demonstrate deficient performance, he has not established prejudice – namely that there is a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *See Richter,* 131 S. Ct. at 787-788. Nor has Petitioner offered any evidence that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Indeed the record is devoid of any evidence that would have put counsel's trial strategy into doubt.

The evidence at trial showed that on February 19, 2011, Staten left Sarai alone with Petitioner for about six hours. When Staten left, Sarai was asleep wearing a top and a pull-up, but when she returned, Sarai "was naked, semi-conscious, and unresponsive." *Lewis v. State,* 2014 WL 31690 at * 6. Petitioner claimed not to know what had happened to Sarai and that "he was asleep and wasn't sure." And although he later admitted giving Sarai a bath, only the back of her hair was wet. *Id.* Ultimately, Sarai was transported to Children's Medical Center, where she died from her injuries. *Id.* Sarai's face was bruised and she suffered from internal head bleeding as a result of "some form of trauma to the head," which ultimately caused her to hemorrhage under the scalp and have seizures. *Id.* The evidence established that Sarai's injuries were not caused by "a short fall off a toddler bed" but by a "blunt force." *Id.* Moreover, when

Petitioner learned that Sarai only had a "5 to 10 percent chance of living," he left the hospital. Petitioner testified that Staten had told him he should leave the hospital and that he did not know why he eventually traveled to Washington State. However, he allegedly tried to flee from Washington to Canada. *Id.* at *7. And, following his arrest, Petitioner admitted to a cellmate that he shook Sarai and that she went into "seizure mode." *Id.*

Based on the above, the Court concludes there is no reasonable probability that the outcome of the trial would have been different if the jury had been presented with evidence of Staten's child abuse record. Staten's abuse of Sarai was remote in comparison to the February 19, 2011 events that resulted in her death. And, insofar as it may have explained Sarai's injuries from the earlier, February 10, 2011 incident, *see* Doc. 17 at 22 (where Petitioner claims the failure to investigate "allowed the jury to draw a negative inference against Petitioner's defense"), trial counsel extensively argued that inference in Petitioner's favor during closing argument, maintaining the prosecutor had presented no evidence of who had caused Sarai's injuries on that day. Doc. 13-5 at 144-146. Counsel also highlighted that Staten did not want the police to get involved on February 10, 2011, and that she, not Petitioner, was upset when the police arrived before the ambulance. Doc. 13-5 at 147.

The state court's determination that Petitioner's counsel did not render ineffective assistance by failing to further investigate Staten's history of child abuse is not an objectively unreasonable application of *Strickland*. Accordingly, Petitioner's first and second grounds for relief fail.

### 2. Claims 3 and 4 – Due Process

Next, Petitioner contends that his due process and First Amendment rights were violated when the hospital failed to conduct a CT scan on Sarai on February 10, 2011, to detect possible

brain injuries. Doc. 3 at 7. Though a technical point, to the extent Petitioner claims a violation of article 38.23 of the Texas Code of Criminal Procedure, Doc. 3 at 7, violations of state law alone do not provide grounds for federal habeas relief.[3] *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Federal habeas relief is available only for the vindication of rights existing under federal law. *Id.* In any event, to the extent Petitioner complains of a violation of the due process afforded by the United States Constitution, his claim also fails. Petitioner does not allege any state action, but merely complains of private conduct by the hospital. *United States v. Morrison*, 529 U.S. 598, 621 (2000) (the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful.") (quoting *Shelley v. Kraemer*, 334 U.S. 1 (1938)). Likewise, he does not show how the hospital's failure to conduct a CT scan on February 10, 2011 involved or violated his First Amendment rights. In sum, his allegations are empty and conclusory.

Accordingly, the state court's determination was neither contrary to, nor involved an unreasonable application, of clearly established federal law. The third and fourth claims, therefore, fail.

### 3. Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing to develop his claims. Doc. 18 at 1-5.[4] However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also*

---

[3] "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CRIM. PROC. CODE art. 38.23. Petitioner, however, does not complain of evidence *obtained* but of potential evidence *not obtained*.

[4] The Court previously denied the motion for evidentiary hearing pending its review of the merits in this case. Doc. 20.

*Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** May 16, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE